## Case No. 3,809b.

### DENT v. ASHLEY.

[Hempst. 55.] [1]

Superior Court, Territory of Arkansas. April, 1828.

NEGOTIABLE INSTRUMENTS—LIABILITY OF AS-SIGNOR.

The assignee of a bond or note is bound to use due diligence, by prosecuting the maker to insolvency, before he can resort to the assignor, unless the maker is notoriously insolvent, or has removed from the state, so as to render suit unnecessary or impossible or an useless act.

[This is an action of assumpsit brought by Frederick Dent against Chester Ashley, administrator of William O'Hara.]

Before JOHNSON, ESKRIDGE, and TRIMBLE, Judges.

OPINION OF THE COURT. This is an action on the case brought upon the assignment of a promissory note, given by W. S. Townsend to O'Hara, and assigned by him to the plaintiff, in the following words: "I transfer the within note to Frederick Dent, and guarantee the ultimate payment of the same. W. M. O'Hara." The plaintiff has demurred to two pleas in bar, filed by the defendant, and the only questions made at the bar, relate to the sufficiency of the declaration. The material averments in the declaration are, that the note was executed by the obligor to O'Hara, and by him assigned to the plaintiff in the words above recited, and at the time the note became due and payable, was duly presented to the obligor for payment; that the obligor failed and refused to pay the amount or any part thereof to the plaintiff; and that O'Hara in his lifetime, and since his death the defendant, have failed and refused to pay the amount due by the note. Are these averments sufficient to maintain the action? The assignment in this case is not in the usual form, but contains an express guarantee or promise by the assignor for the ultimate payment of the note. This does not change or vary his liability from that of an ordinary assignor where no such guarantee is expressed, and this position is clearly supported by the cases of Goodall v. Stuart, 2 Hen. & M. 105, and Campbell v. Hopson, 1 A. K. Marsh. 228; the assignment in these cases being virtually the same with the one in this case. What is the liability of the assignor of a bond or note? The statute of this country, which authorizes the assignment of bonds and promissory notes, is substantially the same with the statutes of Virginia and Kentucky upon that subject, and it has been long settled in those states, by a uniform current of decisions, that the assignee of a bond or note, not being negotiable as a mercantile instrument, must, to enable himself to recover of the assignor, prosecute the payor or obligor to insolvency. 2 Wash. [Va.] 219; 2 Hen. & M. 105; 5 Hen. & M. 456; 1 Bibb, 542; 2 Bibb, 34; 5 Litt. [Ky.] 331.

The assignee of a bond or note is bound to use due diligence by suit to recover the debt from the maker of the note, before he can resort to the assignor; unless, indeed, there are special circumstances in the case, rendering it unnecessary or impossible to sue the obligor, such, for example, as notorious insolvency, or removal from the state. This doctrine having been settled by the highest courts of Virginia and Kentucky, and approved by the adjudications of the supreme court of the United States, we are not disposed to give a different construction to a statute precisely analogous to that upon which those decisions were based. We think the doctrine supported as well by reason as by authority. Applying it to the case before the court, the declaration will be found to be defective, and insufficient to maintain the suit. There is no averment of any diligence whatever to recover the money of the obligor of the note, except a bare demand. To entitle the plaintiff to recover in the present action, it is indispensable that he should have averred, that without delay he instituted suit against the obligor; had held him to bail, if bail was demandable; had pursued him to insolvency by taking a ca. sa. against his body; and after using due diligence, and all the means which the law provided to coerce the payment of the debt, he failed to obtain it. The declaration in this case, containing no allegation of due diligence by suit, to recover the money of the maker of the note, is, therefore, fatally defective, and insufficient to maintain the action. It has been argued, that by the statute authorizing the assignment of bonds and notes, they are placed upon the same footing with bills of exchange. It is true, that by the statute of Anne, bonds and notes, when assigned, are placed upon the same footing with bills of exchange; but it is by express provision that they are placed upon the same footing, and no such provision is to be found in the statute of this country. The legislature, with the statute of Anne before them, have made notes, etc., assignable without using the expression, "in like manner with bills of exchange;" have enabled the assignee to maintain an action in his own name; and have declared that they shall be subject to the same obligations in the hands of the assignee, that they were subject to in the hands of the assignor. This proves that our legislature, patterning after Virginia, whose laws on the subject are the same in substance, did not intend to elevate them to the rank of mercantile paper, nor that they should be governed by the law of merchants.

But if the doctrine applicable to bills of exchange were applied to this case, still no cause of action is shown in the declaration.

[1] [Reported by Samuel H. Hempstead, Esq.]

To make the assignor of a bill of exchange liable, notice of the non-payment of the bill must be averred and proved. No such averment is to be found in the declaration.

There is another objection to the declaration, which renders it fatally defective. The assignment is not averred to have been made for any good or valuable consideration, which we deem a material averment. The assignment itself is a prima facie evidence of a valid consideration, but this does not dispense with the necessity of averring it in the declaration. The demurrer is overruled, and the declaration adjudged insufficient.